## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

GREG E. LINDBERG,

      Petitioner,

v.                                                               Case No: 8:24-cv-2602-CEH-SPF

UNIVERSAL LIFE INSURANCE
COMPANY,

      Respondent.

_____

### <u>ORDER TO SHOW CAUSE</u>

This matter comes before the Court *sua sponte*. On November 7, 2024, Plaintiff
Greg E. Lindberg filed a Verified Petition to Compel Arbitration and Stay All Court
Proceedings alleging that jurisdiction exists in this Court pursuant to 28 U.S.C. § 1332
because the citizenship of the parties is diverse and the amount in controversy exceeds
$75,000. Doc. 1 ¶ 3. Because the citizenship of the parties is not adequately alleged,
the Court cannot determine whether jurisdiction exists in this case.

### DISCUSSION

Federal courts must *sua sponte* inquire into an action's subject matter jurisdiction
whenever such jurisdiction may be lacking. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th
Cir. 2004); *accord Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)
("[O]nce a federal court determines that it is without subject matter jurisdiction, the
court is powerless to continue."). "The jurisdiction of a court over the subject matter
of a claim involves the court's competency to consider a given type of case, and cannot

be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). The bases for federal courts' subject matter jurisdiction are confined, as federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

"The Federal Arbitration Act does not confer subject matter jurisdiction . . . nor does it create independent federal question jurisdiction. Independent grounds for subject matter jurisdiction must be demonstrated." *Peebles v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 431 F.3d 1320, 1325 (11th Cir. 2005) (citation modified). Here, Plaintiff seeks to invoke the diversity jurisdiction of this Court. Federal jurisdiction based upon diversity exists where the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1). For diversity jurisdiction to exist, each defendant must be diverse from each plaintiff. *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002).

A complaint's allegations, when federal jurisdiction is based on diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). It is the burden of the party seeking federal jurisdiction to establish that diversity exists by a preponderance of the evidence. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

Plaintiff's allegations in the Petition do not sufficiently allege diversity of citizenship. Defendant Universal Life Insurance Company (ULICO) is alleged to be a foreign life insurance company existing under the laws of Puerto Rico. Doc. 1 ¶ 2. Plaintiff Greg E. Lindberg is alleged to be a resident of Florida. *Id.* ¶ 1.

As to Plaintiff Lindberg, "[f]or diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).[1] A natural individual is a citizen of the state in which he or she is domiciled. "Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence." *Molinos Valle Del Cibao, C. por A. v. Lama,* 633 F.3d 1330, 1341-42 (11th Cir. 2011). Plaintiff only alleges that he is a resident of Florida, which is not enough to satisfy citizenship for diversity purposes. Plaintiff must allege further facts so the Court can properly determine whether Plaintiff is a citizen of Florida.

As to Defendant ULICO, the Petition does not allege what type of company is ULICO. For example, is ULICO a corporation, an LLC, or some other business entity?  Under 28 U.S.C. § 1332, a corporation is a citizen of every state in which it has been incorporated and of the state where it has its principal place of business. If ULICO is an LLC, Plaintiff must identify the members of the LLC and their citizenships. Whether an insurance company is a corporation for diversity purposes

---

[1] The Eleventh Circuit Court of Appeals adopted as binding precedent all prior decisions of the former Fifth Circuit Court of Appeals issued prior to October 1, 1981. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

may depend on how the relevant state's laws treat it. *See, for example, Mut. Serv. Cas. Ins. Co. v. Country Life Ins. Co.*, 859 F.2d 548, 550 (7th Cir. 1988) (finding mutual insurance companies are incorporated under Minnesota law).[2] Significantly, Plaintiff does not allege, what type of company is Defendant. Thus, the Court cannot determine Defendant's citizenship.

Accordingly, it is hereby **ORDERED**:

Plaintiff is directed to **SHOW CAUSE** as to why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff shall file a written response with the Court within **FOURTEEN (14) DAYS** from the date of this Order. Additionally, Plaintiff should file an amended petition to compel arbitration within **FOURTEEN (14) DAYS** which cures the jurisdictional deficiencies noted herein. Failure to respond within the time provided will result in the dismissal, without prejudice, of this action without further notice.

**DONE AND ORDERED** in Tampa, Florida on September 18, 2025.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any

---

[2] Under the laws of Puerto Rico, a stock and mutual insurer are defined as incorporated insurers. 26 L.P.R.A. §§ 2903, 2904. If ULICO is an incorporated stock or mutual insurer under Puerto Rico's laws, Plaintiff must allege where ULICO is incorporated as well as its principal place of business.