UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GREG E. LINDBERG,

    Petitioner,

v.                                                Case No: 8:24-cv-2602-CEH-SPF

UNIVERSAL LIFE INSURANCE
COMPANY,

    Respondent.
_____

## ORDER

This cause comes before the Court on Respondent Universal Life Insurance Company's Motion to Abstain from Hearing Petitioner's Pending Petition and Motion (Doc. 12). After careful consideration, and being fully advised in the premises, Respondent's motion will be granted to the extent that it seeks to dismiss the First Amended Verified Petition to Compel Arbitration and Stay All Court Proceedings (Doc. 36), without prejudice, for improper venue.

### I.    BACKGROUND

Petitioner Greg E. Lindberg is a citizen of Florida. Doc. 36 ¶ 6. Respondent Universal Life Insurance Company ("ULICO") is a life insurance company incorporated under the laws of Puerto Rico, with its principal place of business in Puerto Rico. *Id.* ¶ 7.

In June 2017, ULICO and one of Lindberg's affiliated companies, Private Bankers Life & Annuity, Ltd. ("PBLA"), entered into a Reinsurance Agreement. *Id.*

¶ 13. ULICO also signed a Reinsurance Trust Agreement with PBLA simultaneously with the Reinsurance Agreement. *Id.* ¶ 15. Argent Institutional Trust Company is the current trustee of the Trust Account created under the Trust Agreement. *Id.* ¶ 16. The Reinsurance Agreement required that the Trust Account created under the Trust Agreement maintain a value of 105% of ULICO's related "statutory Reserves," otherwise PBLA would be required to deposit additional assets. *Id.* ¶ 18. Simultaneously with the Reinsurance Agreement and Trust Agreement, Lindberg entered into a Guaranty Agreement with ULICO. *Id.* ¶ 24. Lindberg executed the Guaranty in favor of ULICO with respect to the obligations of PBLA under the Reinsurance Agreement. *Id.*

The Reinsurance Agreement contains an arbitration clause stating, "Except as otherwise provided in this Reinsurance Agreement, all disputes or differences between the Parties arising under or relating to this Reinsurance Agreement upon which an amicable understanding cannot be reached shall be decided by arbitration pursuant to the terms of this Section." *Id.* ¶ 14. The Reinsurance Agreement contains a forum selection clause stating, "Each arbitration under this Reinsurance Agreement shall be held in Puerto Rico, unless a different location is mutually agreed upon by the Parties." *Id.* at 82. The Reinsurance Agreement contains a choice-of-law provision, which states that the "Reinsurance Agreement shall be construed in accordance with the laws of the Commonwealth of Puerto Rico without giving effect to the principles of conflicts of law thereof." *Id.* at 83.

On February 24, 2020, ULICO initiated arbitration proceedings against PBLA. *Id.* at 164. ULICO's complaint at the arbitration proceeding was "essentially that an award is necessary because PBLA's controlling owner [Greg Lindberg] has drained over $524 million in cash-equivalent assets (assets that conform to Puerto Rican regulations) from the trust account and replaced them with assets that do not conform." *Id.* at 166. After review and discussion, the Arbitration Panel was "persuaded that ULICO's assertions in respect of the assets (both with regard to value and conformity) are correct and that ULICO has established an immediate need for the requested relief, so as to protect its policyholders and itself." *Id.* The Arbitration Panel ordered PBLA to pay ULICO the amount of $524,009,051.26 within ten days of the entry of the award at interest running at 6% per annum ("Arbitration Award"). *Id.* at 168. On July 30, 2020, the United States District Court for the Southern District of New York confirmed the Arbitration Award. *PB Life & Annuity Co. v. Universal Life Ins. Co.*, No. 20-CV-2284, 2020 WL 4369443, at *14 (S.D.N.Y. July 30, 2020).

When PBLA failed to pay the Arbitration award in time, ULICO filed a claim against Lindberg in the United States District Court for the Middle District of North Carolina. Doc. 36 at 195. The court ruled that Lindberg's Guaranty Agreement covers the Arbitration Award against PBLA. *Id.* at 196. Lindberg appealed this action, but the Fourth Circuit ruled that there was no error in the lower court's ruling. *Id.* Following the Middle District of North Carolina judgment, on July 12, 2022, ULICO moved the Durham County Superior Court to enforce the Middle District of North

Carolina judgment as a judgment of the State of North Carolina. Doc. 12 at 29. The Durham County Superior Court granted the motion. *Id.*

On July 9, 2024, ULICO filed a complaint in the Wake County Superior Court seeking the appointment of a general receiver over Lindberg's assets to enforce the judgment. *Id.* The Wake County Superior Court appointed a general receiver on August 23, 2024. *Id.* Lindberg appealed this order to the North Carolina Court of Appeals. *Id.* This appeal is fully briefed and currently pending.

On August 19, 2024, Lindberg commenced an action against ULICO in the Hillsborough County Circuit Court to enjoin ULICO from continuing with the litigation in North Carolina. *Id.* ULICO removed the case to the United States District Court for the Middle District of Florida. *Id.* On October 31, 2024, the court dismissed that action pursuant to the *Younger* doctrine,[1] finding that the court did not have jurisdiction to hear the dispute because it was "effectively a simultaneous and collateral appeal of a North Carolina trial court ruling concerning a receivership." *Id.* at 32.

Lindberg brings this action before this Court through a Petition to Compel Arbitration, pursuant to § 4 of the Federal Arbitration Act. Doc. 1. ULICO then filed a Motion to Abstain from Hearing Petitioner's Pending Petition and Motion. Doc. 12. This Court directed Lindberg to file an amended petition to compel arbitration to sufficiently allege subject matter jurisdiction. Doc. 30. Lindberg timely amended. Doc.

---

[1] The *Younger* doctrine counsels that federal courts should generally abstain from interfering with pending state proceedings. *See Younger v. Harris,* 401 U.S. 37 (1971).

4

36. ULICO then filed a Response in Opposition to Petitioner's First Amended Verified Petition to Compel Arbitration and Stay all Court Proceedings.[2] Doc. 40.

## II.   DISCUSSION

In its Motion to Abstain from Hearing Petitioner's Pending Petition and Motion (Doc. 12), ULICO asks the Court to dismiss the Petition for lack of personal jurisdiction and improper venue. A federal court has leeway to "choose among [the] threshold grounds for denying audience to a case on the merits." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999). "Dismissal short of reaching the merits means that the court will not 'proceed at all' to an adjudication of the cause." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007); *see A.W. v. Tuscaloosa City Sch. Bd. of Educ.*, 744 F. App'x 668, 672 (11th Cir. 2018) ("[A] court's determination that the merits should be adjudicated elsewhere, such as a *forum non conveniens* dismissal, allows the court to bypass questions of subject-matter and personal jurisdiction." (citation modified)). A dismissal for improper venue does not operate as an adjudication on the merits. Federal Rule of Civil Procedure 41(b) ("[A]ny dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits."); *Elie v. Pac. Land Ltd.*, No. 11-60765-CIV, 2012 WL 13005814, at *6 n.6 (S.D. Fla. July 5, 2012), report and recommendation adopted, No. 1160765CIV, 2012 WL

---

[2] ULICO reincorporates its arguments in its Motion to Abstain from Hearing Petitioner's Pending Petition and Motion (Doc. 12) that this case should be dismissed because of "improper venue, lack of subject matter jurisdiction under abstention, federalism and comity principles[.]" Doc. 40 at 5 n.2.

5

13005815 (S.D. Fla. July 31, 2012); *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 922 F. Supp. 2d 445, 455 (S.D.N.Y. 2013), *aff'd sub nom. In re Facebook, Inc., Initial Pub. Offering Derivative Litig.*, 797 F.3d 148 (2d Cir. 2015) ("[C]ourts have found improper venue to be a non-merits-based determination."). Federal courts may dismiss actions for improper venue without resolving parties' disputes over personal jurisdiction or subject matter jurisdiction. *See VI MedRx, LLC v. Hurley Consulting Assocs., Ltd.*, No. 3:11-CV-1034, 2012 WL 10494, at *3 n.8 (M.D. Fla. Jan. 3, 2012) (deciding issue of venue before personal jurisdiction); *Lemoine v. Mossberg Corp.*, No. 18-CV-60902, 2018 WL 4905644, at *2 (S.D. Fla. July 26, 2018) (same); *Thakur v. Betzig*, No. 3:16-CV-811, 2017 WL 4682216, at *6 (M.D. Ala. Oct. 17, 2017) (same); *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 741 (S.D.N.Y. 2013) (same).

Here, ULICO alleges that this Court lacks personal jurisdiction over it because it "is not a Florida corporation, is not registered to do business in Florida, has not availed itself in a meaningful way of the Florida legal system, and does not have sufficient minimum contacts with Florida." Doc. 12 at 18. Lindberg responds that "ULICO has substantial operations in Florida," "[ULICO] is registered to do business in Florida, and numerous meetings between Lindberg and ULICO occurred in Florida to resolve these disputes." Doc. 18 at 16. Neither party submits affidavits or other competent evidence in support of these blanket statements. *See Miracle Moringa Direct, Inc. v. Eyefive, Inc.*, No. 8:19-CV-2846, 2020 WL 5076619, at *2 (M.D. Fla. Aug. 26, 2020) ("If the defendant can refute personal jurisdiction by sustaining its burden of challenging the plaintiff's allegations through affidavits or other competent evidence,

6

the plaintiff must substantiate its jurisdictional allegations through affidavits, testimony, or other evidence of its own."). A determination of personal jurisdiction may require further briefing and a factual investigation into the issue, whereas the issue of venue can be decided at the outset. Thus, the "considerations of convenience, fairness, and judicial economy" warrant addressing venue before personal jurisdiction. *See Sinochem*, 549 U.S. at 423.

ULICO argues that the Petition is due to be dismissed for improper venue. Doc. 12 at 13. Specifically, ULICO argues that where parties agreed to arbitrate in a particular forum only a district court in that forum has authority to compel arbitration according to § 4 of the Federal Arbitration Act (FAA), 9 U.S.C. § 4. *Id.* ULICO maintains that the Middle District of Florida is the improper venue because the forum selection clause in the Reinsurance Agreement provides that arbitration shall occur in Puerto Rico. *Id.* at 14.

Venue is improper if the Reinsurance Agreement's forum selection clause is enforceable and if this Court cannot compel arbitration in Puerto Rico.

First, the Court must determine whether the Reinsurance Agreement's forum selection clause is enforceable. "The validity of a forum selection clause is determined under the usual rules governing the enforcement of contracts in general." *P & S Bus. Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003) "A district court sitting in diversity applies the choice-of-law rules of the state in which it sits, in this case Florida." *Viridis Corp. v. TCA Glob. Credit Master Fund, LP*, 721 F. App'x 865, 873 (11th Cir. 2018). "A choice of law provision generally governs not only the

interpretation of a contract, but also its enforcement." *Safety Ins. Co. v. GAB Robins N. Am., Inc.*, No. 8:08-CV-2402, 2009 WL 10671231, at *2 (M.D. Fla. Jan. 29, 2009). "Generally, Florida enforces choice-of-law provisions unless the law of the chosen forum contravenes strong public policy." *Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co.*, 761 So. 2d 306, 311 (Fla. 2000).

The Reinsurance Agreement's choice-of-law provision provides that Puerto Rico law governs. Doc. 36 at 83. Lindberg does not argue that this provision violates strong public policy. Thus, under Florida's choice-of-law rules, the choice-of-law provision is enforceable. The enforceability of the Reinsurance Agreement's forum selection clause will be evaluated under principles of Puerto Rico law.

Under Puerto Rico law, "an agreement is 'clear' when it can be understood in one sense alone, without leaving any room for doubt, controversies or difference of interpretation." *Lopez & Medina Corp. v. Marsh USA, Inc.*, 694 F. Supp. 2d 119, 125 (D.P.R. 2010), *aff'd*, 667 F.3d 58 (1st Cir. 2012). "[I]n cases where the contractual terms are clear, the Court is 'constrained to give the language of the policies its literal meaning and must restrain itself from indulging in an analysis of the alleged intent of the parties.'" *Id.* (citing *Vulcan Tools of Puerto Rico v. Makita U.S.A., Inc.*, 23 F.3d 564, 567 (1st Cir. 1994)). Here, the forum selection clause dictates that each arbitration arising under the Reinsurance Agreement "shall be held in Puerto Rico, unless a different location is mutually agreed upon by the Parties." Doc. 36 at 82. The terms of the contract are clear, and the use of the term "shall" mandates that Puerto Rico is the exclusive forum for arbitration. *See Shall*, Black's Law Dictionary (12th ed. 2024)

8

("Has a duty to; more broadly, is required to[.]") Thus, the arbitration should be conducted in Puerto Rico, unless the parties mutually agree otherwise. The parties have not advised the Court of any agreement to the contrary.

Next the Court must decide whether it has the authority to order arbitration in Puerto Rico. A petition to compel arbitration is governed by § 4 of the FAA, which provides:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction . . . of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. . . . The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed.

9 U.S.C. § 4. Under the majority approach, courts have found that where parties agreed to arbitrate in a particular forum, only a district court in that forum has the authority to compel arbitration. *See Ansari v. Qwest Commc'ns Corp.*, 414 F.3d 1214, 1220 (10th Cir. 2005); *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007,

1018 (6th Cir.2003); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer*, 49 F.3d 323, 327 (7th Cir.1995); *Elox Corp. v. Colt Industries, Inc.*, 1991 WL 263127, at *1, 1991 U.S.App. LEXIS 29323, at *4–5 (4th Cir.1991); *Sea Spray Holdings, Ltd. v. Pali Fin. Group, Inc.*, 269 F.Supp.2d 356, 363 (S.D.N.Y.2003); *Roe v. Gray*, 165 F.Supp.2d 1164, 1173 (D.Colo.2001). The Eleventh Circuit has not decided the issue,[3] however courts within the Eleventh Circuit have followed the majority approach. *See Bouchard v. Matson Money, Inc.*, No. 1:21-CV-01238, 2021 WL 9629054, at *6 (N.D. Ga. Dec. 15, 2021) (following majority approach); *Rezny v. Moadbus, Inc.*, No. 6:10-CV-1067, 2011 WL 13298678, at *2 (M.D. Fla. Jan. 31, 2011) (same); *Smith v. Biz2Credit, Inc.*, No. 21-82532-CIV, 2022 WL 3682168, at *3 (S.D. Fla. Jan. 31, 2022) (same). The Ninth Circuit employs a different approach and has held that the FAA "does not require venue in the contractually-designated locale." *Textile Unlimited, Inc. v. A..BMH & Co.*, 240 F.3d 781, 783 (9th Cir. 2001). In *Textile*, the court held that a district court can compel arbitration in its own district and ignore the forum specified in the arbitration clause. *Id.* at 783.

---

[3] *But see Dupuy–Busching Gen. Agency, Inc. v. Ambassador Ins. Co.*, 524 F.2d 1275, 1276, 1278 (5th Cir.1975). In *Dupuy*, the court held "where the party seeking to avoid arbitration brings a suit for injunctive relief in a district other than that in which arbitration is to take place under the contract, the party seeking arbitration may assert its Section 4 right to have the arbitration agreement performed in accordance with the terms of the agreement." *Dupuy* is binding upon this Court, *see Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all the decisions of the former Fifth Circuit rendered before October 1, 1981), however its holding does not apply here because the party seeking to avoid arbitration did not bring this action before this Court. Additionally, the Fifth Circuit agreed that this decision was "contrary to the express terms of the Federal Arbitration Act," however proper in the context of the case. *Dupuy*, 524 F.2d at 1276.

Lindberg argues that even if arbitration must occur in Puerto Rico, this Court can order arbitration in Puerto Rico while retaining jurisdiction over the petition. Doc. 18 at 17. Lindberg cites *Textile* in support. However, this is not the approach that the court in *Textile* took. *See Textile Unlimited, Inc.,* 240 F.3d at 783. Additionally, district courts within the Ninth Circuit have expressed skepticism over the Ninth Circuit's approach and have limited the approach in *Textile* to its facts. *See Seaman v. Priv. Placement Cap. Notes II, LLC*, No. 16-CV-00578, 2017 WL 1166336, at *6 (S.D. Cal. Mar. 29, 2017) ("Although skepticism of the [Ninth Circuit] approach is fair, the case remains controlling authority in this Circuit."); *Simplicity Int'l v. Genlabs Corp.*, No. CV 09-6146, 2010 WL 11507526, at *11 (C.D. Cal. May 6, 2010) ("[T]he ruling in *Textile Unlimited* was limited to the facts of that case[.]"); *Homestake Lead Co. of Missouri v. Doe Run Res. Corp.*, 282 F. Supp. 2d 1131, 1144 (N.D. Cal. 2003) ("This court shares the concern of the Seventh Circuit that under [Ninth Circuit] interpretation any party to an arbitration agreement could avoid the effect of the agreed-to forum merely by filing suit in a different district." (citation modified)).

Thus, this Court will follow the majority approach applied by other courts in the Eleventh Circuit. *See Bouchard*, 2021 WL 9629054, at *6; *Rezny*, 2011 WL 13298678, at *2; *Smith*, 2022 WL 3682168, at *3. Under this approach, the U.S. District Court for the District of Puerto Rico is the correct venue for Lindberg to compel arbitration since Puerto Rico is the situs of the forum selection clause.

Lindberg also argues that the Reinsurance Agreement's arbitration clause does not contain an exclusive forum selection clause for litigation to compel arbitration.

11

Doc. 18 at 17. While the forum selection clause does not explicitly limit where parties may petition to compel arbitration, the arbitration itself is still limited to the jurisdiction of Puerto Rico. Thus, this Court is the improper venue for litigation since it does not have the authority to compel arbitration in Puerto Rico.[4]

Accordingly, it is hereby **ORDERED:**

1. Respondent's Motion to Abstain from Hearing Petitioner's Pending Petition and Motion (Doc. 12) will be **GRANTED** to the extent that the First Amended Verified Petition to Compel Arbitration and Stay All Court Proceedings (Doc. 36) is dismissed, without prejudice, as this Court is the improper venue.

2. The Clerk is directed to terminate pending motions and deadlines, if any, and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on November 20, 2025.

_Charlene Edwards Honeywell_
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

---

[4] ULICO also asks that the Court abstain from hearing this case because of a parallel state court proceeding. Doc. 12 at 8. In *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976), the Supreme Court held that federal courts may dismiss federal suits in favor of parallel state court actions due to "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." However, the Supreme Court has made clear that district courts should not abstain from hearing petitions to compel arbitration absent compelling circumstances. *Moses H. Cone Mem. Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 19–25 (1983). Because venue is improper, the Court does not reach the issue of whether this case is one of those compelling circumstances.

Counsel of Record
Unrepresented Parties